# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHNNIE A. GOODMAN,

    Petitioner,

v.                                                                                                 Civil No. 99-792 BB/WWD

RON LYTLE, Warden, et al,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court upon Respondent's Motion to Dismiss Procedurally Barred Claims, filed September 27, 1999 **[docket # 11]**, and Petitioner's Motion for Appointment of Counsel, filed February 28, 2000 **[docket # 15]**. Petitioner, who is incarcerated, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is proceeding *pro se* and *in forma pauperis*. He is confined pursuant to the judgment, sentence and commitment of the Twelfth Judicial District Court of Lincoln County after a trial by jury which convicted him of methamphetamine possession and intent to distribute. He was sentenced to three years for the drug charge which was enhanced by an additional year for a prior felony conviction under New Mexico's habitual offender statute.

*Background*

    2. In the underlying criminal case, the Ruidoso Downs police were alerted by a United States Postal Inspector regarding a suspicious package mailed to a post office box in Ruidoso Downs registered to Goodman. After a Ruidoso Police Department K-9 Unit dog alerted on the package, the postal inspector obtained a federal warrant to open the package, which was found to

contain a baggie of powder which tested positive for methamphetamine. The package was resealed and placed back in Goodman's post office box.

3. Investigation disclosed that the handwriting on address labels from other packages containing Goodman's post office box was found to be similar, although indicating different senders and return addresses. The return addresses on labels from these other packages (these other packages were not inspected) were found to be non-existent addresses.

4. Goodman was arrested after he went to his post office box and pick up its contents, including the inspected package which had been resealed, and had gotten into his car. Police retrieved the package, still sealed, from the floor board of the vehicle. Goodman disavowed any knowledge or intent required to support the possession charge.

5. In his federal petition, Goodman asserts two due process claims and a third claim for ineffective assistance of counsel with numerous grounds:

(1) **Claim One:** Insufficiency of the evidence to support the verdict;

(2) **Claim Two:** denial of fair trial by admission of evidence of other packages;

*(the following are Petitioner's ineffective assistance of counsel claims:)*

**Claim Three:**
(1)(A) failure to file a motion to suppress methamphetamine evidence on the basis of possible police drug dog defects;

(1)(B) failure to file motion to suppress labels on eight package labels based on lack of evidence to show that Petitioner knew of the packages' contents;

(2) failure in advising Petitioner not to testify at trial and failure to call character witnesses;

(3) failure to object to police officer's testimony that girlfriend refused consent to search house;

2

(4) failure to object to officer testifying as an expert about the methamphetamine;

(5) failure to challenge juror who was a friend of an prosecution witness;

(6) failure to investigate the reliability of police dog and handler;

(7) failure to arrange for independent testing of methamphetamine;

(8) pertaining to defense co-counsel's lack of licensure and unfamiliarity with New Mexico law.

6. Respondent concedes that Petitioner has exhausted the first two due process claims, and ground 1(B) under Claim Three for ineffective assistance of counsel, but contends that all the other grounds in Claim Three (1(A) and 2 through 8) are unexhausted and also procedurally defaulted, thereby precluding review in federal court. For reasons discussed below, I find Respondent's arguments are well-taken and dispositive of these grounds. I also find that Petitioner's exhausted claims should be dismissed as well.

7. Petitioner raised the two due process claims on direct appeal, which were denied by the New Mexico Court of Appeals and on certiorari to the Supreme Court. Ans., Exs. F, M, N. He then filed a state habeas corpus petition which included a claim for ineffective assistance of counsel, which is presented as ground 1(B) of Claim Three in his federal petition as well as several other claims which are not included in his present petition. Ans., Ex. Q. The petition was denied by the state court and by the state supreme court. Exs. Q, R, S, T.

8. The state district court found that it "plainly appears from the face of the Petition, any annexed exhibits, and the prior pleadings and proceedings" that Petitioner was not entitled to relief as a matter of law and that summary dismissal was in order.[1] The court specifically noted

---
[1] See N.M.S.A. § 5-802(E)(1)(Summary Dismissal Procedure).

that "Defendant had an opportunity to and did not include many of the issues raised in the Petition during the course of his direct appeal to the New Mexico Court of Appeals." Ex. R. The summary dismissal order also precluded Petitioner from filing future motions for post-conviction relief "without the prior express approval of this Court." Ex. R, at 3.

*Discussion*

9. Petitioners generally must exhaust available state court remedies before seeking redress via a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1). See Demarest v. Price, 130 F.3d 922, 932 (10th Cir.1997); Picard v. Connor, 404 U.S. 270, 275 (1971).

10. Although Goodman raised one issue under ineffective assistance of counsel in his state habeas corpus petition (ground 1(B) here), none of the other grounds for ineffective assistance included in his federal petition (grounds 1(A) and 2 through 8) were presented to the New Mexico courts for review either on direct appeal, or on state post-conviction review. Thus, Petitioner has failed to exhaust his ineffective assistance claims. See Smallwood v. Gibson, 191 F.3d 1257, 1266 (10th Cir. 1999) (citing Lambert v. Blackwell, 134 F.3d 506, 517 (3d Cir.1997) (finding ineffective assistance of counsel claim unexhausted when petitioner asserted a different basis for the claim in the state courts than presented in his habeas petition) and Lanigan v. Maloney, 853 F.2d 40, 45 (1st Cir.1988) (same)).

11. However, dismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find Petitioner's claims procedurally barred on independent and adequate state procedural grounds. See Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). I find that such is the case here. If Goodman returned to state court to file a second application for post-conviction relief of the unexhausted

4

ineffective assistance claims, he would be procedurally barred. See State v. Gillihan, 86 N.M. 439, 440 (1974) (if a petitioner does not raise in a prior state habeas petition a ground presented in a second state habeas petition, that ground is deemed waived unless the ground alleges fundamental error); Faulkner v. State, 86 N.M. 715 (Ct.App. 1974); Smallwood, 191 at 1268 (petitioner's failure to raise factual bases for ineffective assistance of counsel claims in first application for state post-conviction relief precluded habeas review of those claims unless petitioner could show cause and prejudice or fundamental miscarriage of justice) (following Moore v. Reynolds, 153 F.3d 1086, 1097 (10th Cir. 1998).[2]

12. Thus, state habeas corpus proceedings would not be available for Petitioner to seek review (and thus, obtain exhaustion) of grounds 1(A) and 2 through 8 under his claim of ineffective assistance of counsel.

13. I note that this case would be put in a different posture if procedural default was argued on the basis of failure to present them on direct appeal. Although the failure to raise claims on appeal would result in procedural default, ineffective assistance claims are excepted

---

[2] In Moore, the claims raised by petitioner in his federal petition had already been raised in a *second* state post-conviction proceeding. The federal court concluded that petitioner's failure to raise these claims until the second habeas petition precluded federal review of these claims. 153 F.3d at 1097 (citing other circuits suggesting that failure to raise ineffective assistance claim in the first state collateral proceeding procedurally bars federal habeas review of that claim "where the final state court considering the claim rejects it on state procedural grounds").

The scenario in Smallwood is closer to Goodman's situation, where the issues raised in the federal petition were never before the state court, but *could* have been raised in the one state habeas petition filed. 191 F.3d at 1267 ("Indeed, petitioner has not properly raised before the state courts any of the bases upon which his current ineffective assistance of counsel claims rely"). Nevertheless, the court in Smallwood rejected the claims raised in the federal petition as procedurally defaulted because the state court would find them defaulted if petitioner were to return to state court to file a second application. Both cases relied on Oklahoma state procedural law which is analogous to New Mexico's Gillihan and Cisneros.

5

from this rule.  See Duncan v. Kerby, 115 N.M. 344, 346 (1993).  See Jackson v. Shanks, 143 F.3d 1313, 1318 (10th Cir. 1998) (citing Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994), cert. denied, 515 U.S. 1135 (1995)).  Here, however, although Petitioner did not directly appeal any claims under ineffective assistance of counsel, he had the opportunity to raise and exhaust in a state post-conviction proceeding the claims which he now raises in his federal petition.

14. A federal court does not consider issues on habeas review "that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." English v. Cody, 146 F.3d 1257, 1259 (10th Cir.1998) (citing Coleman, 501 U.S. at 749-50, 111 S.Ct. 2546).  For a state procedural ground to be independent, it must rely on state law, rather than federal law.  See id.

15. The procedural rule that would bar Goodman's ineffective assistance of counsel claims is rooted solely in New Mexico state law and is thus independent.  See Gillihan, 86 N.M. at 440; Cisneros v. N.M., 88 N.M. 368, 369 (Ct.App.), cert. denied, (1975) (citing Gillihan).  The rule is also adequate because it is "strictly or regularly followed" and applied "evenhandedly to all similar claims."  Smallwood v. Gibson, 191 F.3d at 1268 (citations omitted) (quoting Hathorn v. Lovorn, 457 U.S. 255, 263, 102 S.Ct. 2421, 72 L.Ed.2d 824 (1982)), cert. denied, 119 S.Ct. 345 (1998); see Jackson v. Shanks, 143 F.3d at 1318 (finding that rule waiving issues not raised on direct appeal has been consistently and even handedly applied and the fact that New Mexico provides exceptions to general rule does not indicate that New Mexico courts "have unfettered discretion" to consider claims waived under the rule).

6

16. Accordingly, Goodman's failure to raise the factual bases for the ineffective assistance claims raised in his federal petition (i.e., except for ground 1(B), which has been exhausted) precludes habeas review of these claims unless he can demonstrate cause and prejudice or a fundamental miscarriage of justice.

17. Petitioner contends that the claims in his federal petition should be construed liberally because of his *pro se* status. However, the "cause and prejudice" standard applies to *pro se* prisoners just as it applies to prisoners represented by counsel. Watson v. State of New Mexico, 45 F.3d 385, 388 n.3 (10th Cir. 1995) (cit. omitted). Further, even construed liberally, the factual bases for the grounds presented in the defaulted claims are completely different from any of the grounds presented in claims before the state court.

18. Petitioner also contends that he was precluded from filing a subsequent petition even if he had wanted to because the state court, in denying his habeas petition, had "prohibited further action for post conviction relief without prior express approval of the court." Resp. at 1-2. I find this basis insufficient to show either cause or prejudice. Because the plain wording of the dismissal did not bar Petitioner's access to the court, but rather required advance permission before filing, his failure to exhaust the ineffective assistance claims cannot be attributed to anyone other than himself. See Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir. 1991) ("cause" must be external to the petitioner and not attributable to him).

19. Petitioner offers no explanation for why he failed to include ineffective assistance grounds 1(A) and 2 - 8 in his first state application for post-conviction relief. Even if Petitioner had attempted to file a subsequent habeas petition in state court, state procedural rules would have resulted in default of these claims, based on Gillihan and Cisneros. Goodman does not

7

advance any facts suggesting factual innocence, required in order to implicate a "fundamental miscarriage of justice." See Demarest v. Price, 130 F.3d at 941; McCleskey v. Zant, 499 U.S. 467 (1991) (fundamental miscarriage of justice involves extraordinary circumstances when a constitutional violation probably has caused the conviction of one innocent of the crime).

20. Therefore, I find that all but one of Petitioner's ineffective assistance claims presented in his federal petition are procedurally barred and not subject to habeas review in this Court. Because federal habeas review is not precluded as to Petitioner's two due process claims (Claims One and Two), nor to ground 1(B) of Claim Three for ineffective assistance of counsel, and these claims are exhausted, I address them next.

*Due Process Claims - Insufficiency of the Evidence*

21. In Claim One, Petitioner alleges that there was insufficient evidence to support the verdict. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[3] federal courts are forbidden from granting habeas relief with respect to any claim adjudicated on the merits in state court unless the state court's adjudication of the claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d)(1) & (2).[4]

---

[3] Pub.L.No. 104-132, tit.I, sec. 104 (to be codified at 28 U.S.C. §§ 2254(d),(e) (April 24, 1996)). AEDPA applies to cases filed after its effective date, regardless of when state court proceedings occurred. Wallace v. Ward, 191 F.3d 1235 (10th Cir. 1999) (citations omitted).

[4] The record proper was not ordered in this case, but was nevertheless available for this Court's review. Petitioner included exhibits in filing his petition, including the transcript for the June 11, 1996 jury trial in Crim. No. 96-03 (marked as "Defendant's Exhibit 1" and lodged in a

22. The state court of appeals recognized that the jury *could* have found Petitioner not guilty, based on Goodman's testimony that he did not know the contents of the package and that two other people were authorized to accept mail addressed to his post office box. However, in light of all the other evidence available, the court determined that a reasonable jury could infer beyond a reasonable doubt that Goodman possessed methamphetamine with intent to distribute. Ans., Ex. K, M.

23. The state pointed to the circumstantial evidence which allowed such a finding by the jury: other packages with address labels from different sender with non-existent return addresses sent to Goodman's post office box (Tr. at 96, 101-03, 111-12, 117); the package tested positive for methamphetamine with a weight of 27 grams; Petitioner claimed the resealed package from his post office box. Tr. at 105, 127, 157.[5]

24. The state court relied on a standard where the evidence is viewed in the light most favorable to the State and where the evidence "supporting the verdict [must] provide a sufficient basis upon which to infer guilt beyond a reasonable doubt." State v. Apodaca, 118 N.M. 762 (1994) (citing to State v. Vigil, 110 N.M. 254, 256 (1990)). This standard is similar to federal law. See United States v. Mains, 33 F.3d 1222, 1227 (10th Cir. 1994) ("[e]vidence is sufficient to support a criminal conviction if a reasonable jury could find the defendant guilty beyond a reasonable doubt, given the direct and circumstantial evidence, along with reasonable inferences therefrom, taken in a light most favorable to the government"); Jackson v. Virginia, 443 U.S. 307,

---

separate folder).

[5] The postal inspector testified that the senders' names were different, but that the "last name on the sender always correlated with the first name of the addressee." Tr. at 96.

319 (1979).

25. Based on a review of the trial transcript and the state court findings, I conclude that the state court's decision was not contrary to clearly established federal law and that its decision was a reasonable determination of the facts in light of the evidence presented. Relief on this ground should be denied.

*Due Process Claims - Admission of Evidence*

26. In Claim Two, Petitioner alleges that admitting the other packages addressed to Goodman's post office box denied him of a fair trial. The state court of appeals concluded that the packages were relevant to explain the grounds for the postal inspector's suspicion and why a warrant was obtained for one of the packages. The labels were also relevant to Goodman's "knowledge, intent, or absence of mistake or accident. . . ." Ans., Ex. K at 2;

27. Although the issue on appeal was reviewed on an abuse of discretion standard, this claim fails under a federal due process standard as well. Under that standard, Petitioner must demonstrate that the alleged error is so prejudicial so as to render the entire proceeding fundamentally unfair. Martin v. Kaiser, 907 F.2d 931, 934 (10th Cir. 1990); see also Marshall v. Lonberger, 459 U.S. 422, 438 n.6 (1983) ("Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules"); Nichols v. Sullivan, 867 F.2d 1250, 1253 (10th Cir. 1989), cert. den. by Nichols v. Tansy, 490 U.S. 1112 (1989) (evidentiary rulings are within the domain of state law, and are addressed in a federal habeas corpus petition only if the trial court's actions rendered the trial, as a whole, unfair).

28. At trial, the postal inspector testified about the use of "express mail profiling" which first alerted him to suspicious activity regarding Petitioner's post office box. Tr. at 93-94. Defense counsel

10

had an opportunity to cross-examine the postal inspector, including his testimony about these other labels, Tr. at 135-36. The jury heard testimony about these other packages and labels, and defense counsel had an opportunity to cross-examine the postal inspector. Tr. at 135-36; 184.

29. The jury had before it all the evidence necessary to make a determination as to guilt and as to credibility. As the state court noted, evidence may be either direct or circumstantial. Ex. M at 2. This is so under federal law as well. See Michalic v. Cleveland Tankers, Inc., 364 U.S. 325, 331 (1960) (circumstantial evidence not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence). It was the jury's province to decide whether to believe Petitioner's disavowal of the package's contents or to make an inference of guilt based on the available evidence, and this decision cannot be reweighed where a "rational factfinder" could have found Petitioner guilty "beyond a reasonable doubt," as the jury did here. Jackson at 443 U.S. 307.

30. Because I find that the admission of these other labels did not render Petitioner's trial fundamentally unfair, relief on this claim should be denied.

*Exhausted Claim for Ineffective Assistance of Counsel*

31. In Claim Three Petitioner raises one ground of ineffective assistance of counsel which has been exhausted, and which this Court can therefore address. He alleges in ground 1(B) that counsel failed to file a motion to suppress labels on eight package labels based on lack of evidence to show that Petitioner knew of the packages' contents.

32. Ineffective assistance of counsel is proven if : 1) counsel's representation falls below the objective standards of "reasonableness under prevailing professional norms" considering all circumstances; and 2) actual prejudice results from the inadequate legal representation. Strickland

11

v. Washington, 466 U.S. 668 (1984).

33. Petitioner's contention in his federal petition (and in his state habeas petition) is that defense counsel should have filed a written motion in limine ahead of trial, instead of orally at the start of trial. See Ans., Ex. Q at 3. Goodman concedes that counsel did raise an oral motion in limine to exclude the admission of the other package labels, on the ground that the probative value would be outweighed by the prejudicial effect. Tr. at 73-75.

34. The trial court denied the motion, declining to find that their prejudicial effect outweighed their probative value, apparently agreeing with the prosecution's position that the actual contents of the other packages was not at issue, but rather that the labels addressed to Goodman's post office box could be used to show an awareness of a plan or scheme. Tr. at 78.

35. While the trial judge expressed some concern over hearing a motion in limine on "breaks the morning of trial" (Tr. at 77: "catching a judge on a 15-minute break in a criminal case that takes six months to [inaudible] to come to trial"), such concern does not necessarily mean that Petitioner received ineffective assistance of counsel. Failure to make the required showing of *either* deficient performance or sufficient prejudice defeats an ineffectiveness claim. Miles v. Dorsey, 61 F.3d 1459, 1475 (10th Cir. 1995) (quoting Strickland at 668).

36. In this case, I need not determine whether counsel's conduct was constitutionally deficient, because I find that Petitioner was not prejudiced by counsel's failure to raise a motion in limine at an earlier point in the representation. See United States v. Haddock, 12 F.3d 950, 955 (10th Cir. 1993) (court can dispose of an ineffectiveness claim for lack of prejudice, without determining whether the alleged errors were legally deficient).

37. The trial court denied the motion in limine and allowed admission of the eight

package labels. There is no evidence that the trial judge would have ruled differently had the motion been raised earlier. Defense counsel's failure to advance a meritless argument cannot constitute ineffective assistance of counsel. See U.S. v. Dixon, 1 F.3d 1080, 1084 n.5 (10th Cir. 1991), abrog. on other grds., Florida v. White, 526 U.S. 559 ( May 17, 1999); U.S. v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)(addressed in context of failure to raise issue on appeal); U.S. v. Young, 862 F.2d 815, 820 (10th Cir. 1989) (counsel not ineffective for failing to file motion to suppress that probably would not have been granted), cited in United States v. Stanberry, unpubl. op., 1997 WL 694623 (10th Cir. (Okla.)).

*Motion for Appointment of Counsel*

38. In light of the recommended disposition of this case, I find that Petitioner's motion for appointment of counsel should be denied.

**Recommendation**

In sum, I recommend that Respondent's Motion to Dismiss Procedurally Barred Claims **[docket # 11**] be GRANTED and that grounds 1(A) and 2 - 8 in Claim Three be dismissed with prejudice based on procedural default; that ground 1(B) in Claim Three for ineffective assistance of counsel be dismissed with prejudice; that Claims One and Two of the federal petition also be dismissed with prejudice; and that Petitioner's motion for appointment of counsel **[docket # 15]** be DENIED; and that this case be dismissed in its entirety.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of

13

the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE